UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

SASHA HERNANDEZ,  :
          Plaintiff,  :
            :
         v.  :   No. 5:17-cv-05263
            :
EHC ASSOCIATES, INC.; JOHN D. HARTMAN;  :
ESMERIDO OLIVA-CHACON;  :
MICHEL A. MARQUEZ-PRUNEDA;  :
DANIEL L. KYLOR; JORGE L. INTRIAGO;  :
ELIONEA CIRILIO,  :
          Defendants.  :
_____

**O P I N I O N**
Defendant Marquez-Pruneda's Motion to Dismiss, ECF No. 15 – Granted

**Joseph F. Leeson, Jr.**                                                            June 19, 2018
**United States District Judge**

## I.    INTRODUCTION

Plaintiff Sasha Hernandez initiated this action against her former employer, Defendant EHC Associates, Inc. ("EHC"), under Title VII of the Civil Rights Act, and against several individual employees of EHC under the Pennsylvania Human Resources Act ("PHRA"), 43 P.S. §§ 951-963 for discrimination, retaliation, and aiding and abetting, as well as the state law tort of assault and battery. Defendant Michel Marquez-Pruneda has filed a Motion to Dismiss all claims alleged against him. For the reasons set forth below, the Motion is granted because Hernandez has agreed to withdraw the discrimination claim and failed to allege sufficient facts to state the remaining claims. Hernandez is given leave to file an amended complaint.

## II. BACKGROUND

Hernandez alleges that she was subject to sexual harassment by her coworkers. The Complaint alleges as follows: From June 2015 until March 17, 2017,[1] Hernandez was a female employee of ECH along with Marquez-Pruneda, a male employee. Compl. ¶¶ 29, 68 ECF No. 1. They were both employed as asbestos handlers for ECH. *Id.* ¶¶ 24, 29.

On July 18, 2015, when another co-worker stated his desire to sexually assault Hernandez, Marquez-Pruneda offered to hold Hernandez down during the act. *Id.* ¶¶ 46, 48. Shortly thereafter, Marquez-Pruneda made a comment regarding the shape of Hernandez's breasts. *Id.* ¶ 51.

There were two harassing incidents in or around June 2016, which are described in the Complaint. *Id.* ¶¶ 33-34.

On July 15, 2016, Marquez-Pruneda stated in front of other co-workers that Hernandez smelled like fish and that she had not showered that day. *Id.* ¶¶ 39-40. He then threatened Hernandez, stating he would "get his wife to come to work and assault [Hernandez]." *Id.* ¶ 41. On the same day, Marquez-Pruneda told Hernandez that he wanted to "suck [her] breasts." *Id.* ¶ 44.

Hernandez reported the harassment sometime in July to the President of ECH, John Hartman. *Id.* ¶¶ 58-60. Hernandez alleges that Hartman told Defendants a few days later to cease their behavior. *Id.* ¶ 62. She alleges that "Defendants" threatened she and her boyfriend in

---

[1] Hernandez actually alleges that she was constructively discharged on March 17, 2016. Compl. ¶ 68. However, the Complaint contains allegations of harassment occurring in the summer of 2016. *See id.* ¶¶ 33-34, 39. It therefore appears that Hernandez meant to allege that she was constrictively discharged in March 2017. Although Marquez-Pruneda noted the date discrepancy in the Motion to Dismiss, Hernandez failed to address this issue.
Construing the facts and all reasonable inferences in the light most favorable to Hernandez, this Court considers her constructive discharge date (the alleged adverse action) as occurring in 2017 after her alleged report of the harassment (the alleged protected activity).

retaliation for reporting the harassment. *Id.* ¶ 63. Hernandez requested a transfer to another project away from Defendants, but was regularly scheduled to work with the same employees following the report. *Id.* ¶¶ 64-65.

Hernandez filed the instant action on November 22, 2017, alleging the following claims against the individually named Defendants:[2] (1) Unlawful Discrimination under the PHRA § 955(a); (2) Retaliation under the PHRA § 955(d); (3) Aiding and Abetting under the PHRA § 955(e); and (4) Assault and Battery.

Marquez-Pruneda has moved to dismiss all of the claims alleged against him for failure to state a claim upon which relief may be granted pursuant to Federal Rule Civil Procedure 12(b)(6). Def.'s Supp. Mem. 1, ECF No. 15.

## III. STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a

---

[2] Hernandez also filed claims against EHC pursuant to Title VII.

context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV. ANALYSIS

### A. Hernandez withdraws her claim for discrimination under the PHRA.

Section 955(a) of the PHRA addresses discrimination in the workplace on the basis of a protected class. Section 955(a) states, in relevant part, that it is unlawful

> For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required.

43 P.S. § 955(a).

Hernandez, in her Memorandum in Opposition to the Motion to Dismiss, states that she does not challenge the Motion to Dismiss this claim and "in fact withdraws her claim . . . for discrimination as against Marquez-Pruneda only."[3] Pl.'s Opp. Mot. Dismiss 7[4] n.1, ECF No. 21. The state law claim of discrimination as to Marquez-Pruneda is therefore dismissed.

---

[3] The discrimination claim has been withdrawn as to Marquez-Pruneda only. The claim remains as against all other defendants individually named in the Complaint.

[4] Neither the Motion to Dismiss nor Plaintiff's Memorandum in Opposition contain page numbers. As such, this Court refers to the page numbering electronically assigned by the court.

**B. The claim for retaliation under the PHRA is dismissed because there are insufficient factual allegations of retaliatory activity or a causal connection.**

Section 955(d) of the PHRA deals with retaliation against an employee by reason of his or her engagement in a protected activity. 43 P.S. § 955(d). This section states in relevant part that it is unlawful

> For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act.

*Id.*

In order to establish a prima facie case of retaliation under the PHRA,[5] a plaintiff must show "(1) that she engaged in an activity protected by [the PHRA]; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006) (quoting *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)).

Pursuant to the first element, a report to a superior may constitute protected activity where discrimination is specifically alleged in the verbal or written report. *LeBlanc v. Hill Sch.*, No. 14-1675, 2015 WL 144135, at *14 (E.D. Pa. Jan. 12, 2015) (citing *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995)); *see also Moore*, 461 F.3d at 341 (stating that the employee must have a good faith, reasonable belief that the activity complained of is unlawful (citing *Clark Cnty v. Breeden*, 532 U.S. 268, 271 (2001))).

---

5  *See Boykins v. SEPTA*, No. 17-1980, 2018 WL 460652, at *2, *6 (3d Cir. 2018) (analyzing claims under Title VII and the PHRA the same).

As to the second element, a plaintiff must show that "a reasonable employee would have found the alleged retaliatory actions 'materially adverse' in that they 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Moore*, 461 F.3d at 341 (citing *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). The Supreme Court clarified that the scope of the anti-retaliation provision "extends beyond workplace-related or employment-related retaliatory acts and harm." *Burlington Northern*, 548 U.S. at 67 (explaining that the "adverse employment action" factor of the retaliation analysis encompasses more conduct than just work-related action).

Finally, a plaintiff must show a causal connection between the protected activity and the retaliatory act. *Moore,* 461 F.3d at 341-42. In determining causation, courts often looks to the "temporal proximity between the protected activity and the alleged discrimination" and "the existence of a pattern of antagonism in the intervening period." *Jensen v. Potter*, 435 F.3d 444, 450 (3d Cir. 2006) (citing *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 288 (3d Cir. 2001)) (internal quotation marks omitted), *overruled on other grounds by Burlington Northern*, 548 U.S. 53. Because there is no single, definite way of showing causation, the court must look at the evidence "as a whole" to determine if retaliation has been sufficiently pled. *Id.* (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280-81 (3d Cir. 2000)).

Here, Marquez-Pruneda makes two arguments for dismissal of the § 955(d) claim: (1) Hernandez has not sufficiently pled that she suffered an adverse *employment* action, and (2) Hernandez has insufficiently alleged specific facts which would give rise to a claim of retaliation.[6] Def.'s Supp. Mem. 6.

---

[6] Marquez-Pruneda makes another, overarching argument that all the PHRA claims should be dismissed because he did not hold a supervisory position over Hernandez. *See* Def.'s Supp. Mem. 4-5. This argument is incorrect with respect to § 955(d). While the discrimination

First, Marquez-Pruneda argues that the form of retaliation, continued sexual harassment, is not actionable because it did not result in an adverse employment action.[7] *Id.* Marquez-Pruneda relies on *McGuffey v. Brinks, Inc.*, a case which deals with a PHRA retaliation action, as the basis for the elements of a retaliation claim. *Id.* at 7 (citing *McGuffey v. Brinks, Inc.*, 556 F. Supp. 2d 565, 572 (E.D. Pa. 2008)). *McGuffey* maintains that the second element requires a showing by the victim that he or she was "subject to an adverse employment action." *McGuffey*, 556 F. Supp. 2d at 572.

However, *McGuffey* lacks the Supreme Court language from *Burlington Northern* which clarifies that the scope of the retaliation provision is broader than merely employment-related actions. *See Burlington Northern*, 548 U.S. at 64 ("[T]he antiretaliation provision . . . is not limited to discriminatory actions that affect the terms and conditions of employment."). Both the Supreme Court and the Third Circuit Court of Appeals make clear that the scope of the retaliation provision extends beyond "workplace-related or employment-related retaliatory acts or harm." *Moore*, 461 F.3d 331, 341 (3d Cir. 2006) (citing *Burlington Northern*, 548 U.S. at 67).

---

provision of § 955(a) states that it only covers "employers," the retaliation provision of § 955(d) explicitly states that it is unlawful "for *any person*" to engage in the conduct mentioned thereafter. *Compare* 43 P.S. § 955(a), *with* 43 P.S. § 955(d) (emphasis added). Therefore, this argument does not warrant the dismissal of the retaliation claim.

[7] To the extent Hernandez intended to rely on her alleged constructive discharge as the retaliatory action, the claim also fails for the reasons discussed below. *See also Pa. State Police v. Suders*, 542 U.S. 129, 141 (2004) ("Under the constructive discharge doctrine, an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes. . . . The inquiry is objective: Did working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign?"); *Hall v. Guardsmark, LLC*, No. 11-115, 2012 U.S. Dist. LEXIS 61923, at *34-36 (W.D. Pa. May 3, 2012) (determining that the plaintiff had "pointed to no adverse employment action that she suffered as a result of her having complained about incidents of sexual harassment in the workplace[, r]ather, the hostile work environment about which she had complained continued and led to her decision to leave, but this series of events does not permit her to maintain a separate claim for retaliation").

Therefore, the fact that the conduct pleaded as retaliatory is not employment-related does not warrant the dismissal of the claim on its own.

Next, Marquez-Pruneda argues that Hernandez has insufficiently pleaded a claim of retaliation by failing to allege facts which give rise to such a claim. In order for a claim to survive an insufficiency challenge under Federal Rule of Civil Procedure 8(a), the factual allegations must state a plausible claim. *Twombly*, 550 U.S. at 555. While Hernandez is owed construction of her facts in a light most favorable to her, the same is not true for any legal conclusions contained in the Complaint. *Iqbal*, 556 U.S. at 678.

Hernandez's protected activity took place when she first reported the harassment by her coworkers to Hartman in July 2016.[8] Compl. ¶¶ 59-60. Given that Hernandez's first report was in July 2016, this Court must look for allegations of retaliatory acts after that date.

But, the record insufficiently alleges retaliatory acts subsequent to the July 2016 report to Hartman. Hartman, according to the Complaint, spoke with Defendants and instructed them to stop their behavior, but continued to schedule Hernandez to work with the Defendants. *Id.* ¶¶ 62, 65. Maintaining the status quo of scheduling and instructing co-workers to cease their lewd behavior cannot reasonably be inferred to be a retaliatory act aimed at harming Hernandez for her report.[9] *McNair v. Home Depot*, No. 01-3173, 2002 U.S. Dist. LEXIS 11844, at *1-3 (E.D.

---

[8] Although Plaintiff's Memorandum in Opposition states that she told Defendants personally to cease their behavior, this is not considered protected activity. As noted above, *LeBlanc* states that a report to a *supervisor* can be considered protected activity. It does not stand for the proposition that a statement made to a co-employee is considered protected activity.

[9] Given the conflation of multiple years in the Complaint, the document is unclear as to whether or not the incidents on July 15 and July 18 took place prior to or subsequent to the report to Hartman, which occurred in or around July 2016. The chronological order of the "Material Facts" section of the Complaint leads this Court to believe that the conduct on July 15 and 18 took place prior to the report. This would mean that such conduct is not the subject of a retaliation inquiry as it occurred prior to the protected activity. Regardless, even if this conduct

Pa. Jan. 10, 2002) (holding that the failure to accommodate schedule changes which others did not receive is not materially adverse action for the purpose of a PHRA retaliation claim); *see also Coldwell v. Rite Aid Corp.*, No. 3:07cv502, 2008 U.S. Dist. LEXIS 87033, at *31-32 (M.D. Pa. Oct. 27, 2008) (holding that for purposes of an ADA retaliation claim, retaliation does not lie where a schedule change request is denied). Additionally, even if the continued scheduling was considered retaliatory behavior, the behavior cannot be attributed to Marquez-Pruneda because there is no allegation that he had any control over scheduling or project assignment.

Hernandez states in her opposition memorandum that Marquez-Pruneda "rachet[ed] up" his comments towards her after the report, noting further that this is, "without question, retaliation." Pl.'s Opp. 12. However, there are no factual allegations in the Complaint to support that assertion. The extent of the Complaint's discussion of post-report harmful activity is the statement that "Defendants threatened Plaintiff and her boyfriend in retaliation for reporting the harassment." Compl. ¶ 63. This assertion is a legal conclusion that does not warrant construction in a light most favorable to Hernandez. The record makes no mention of any facts surrounding these subsequent threats, stating only that retaliation occurred. Further, there are six Defendants individually named in this action. *Id.* ¶¶ 23-28. The allegation of retaliation in paragraph sixty-three of the Complaint does not go so far as to even state which of the six named Defendants allegedly made such threats following the report.

The retaliation claim is therefore dismissed as to Marquez-Pruneda without prejudice.[10]

---

occurred after the report, there are no allegations that Marquez-Pruneda was aware of Hernandez's report to Hartman or that the conduct is causally connected to the report.

[10] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (holding that in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility, a court should grant a plaintiff leave to amend a deficient complaint).

### C. The claim for aiding and abetting under PHRA § 955(e) is dismissed because there are insufficient factual allegations showing the requisite supervisor-subordinate relationship between Hernandez and Marquez-Pruneda.

Section 955(e) deals with aiding and abetting the discrimination that the PHRA deems unlawful. 43 P.S. § 955(e). The provision states, in relevant part, that it is unlawful

> For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

*Id.*

While § 955(e) uses the language "any person" to describe those covered by the provision, courts in this jurisdiction have determined that, where the underlying PHRA claim is discrimination, only those in a supervisory role can be found individually liable for aiding and abetting. *Brzozowski v. Pa. Tpk. Comm'n*, 165 F. Supp. 3d. 251, 263 (E.D. Pa. 2016); *see also Dici v. Commw. of Pa.*, 91 F.3d 542, 552-53 (3d Cir. 1996) (stating that direct incidents of harassment committed by a co-employee are not covered under § 955(e)). The court in *Brzozowski* noted that an aiding and abetting claim could not survive against a group of defendants where the plaintiff failed to identify whether each was a supervisor or merely a co-employee. *Brzozowski*, 165 F. Supp. 3d at 263 (explaining this inquiry into employment level is determinative of the applicability of individual liability for aiding and abetting under § 955(e)).

Marquez-Pruneda argues in his Motion that the aiding and abetting claim should be dismissed solely on the grounds that it requires a supervisor-subordinate relationship between himself and Hernandez. Def.'s Supp. Memo 4. Hernandez, in her opposition memorandum, cites language from *Brzozowski* as well, which clearly states that the supervisory role is a pre-requisite of aiding and abetting liability under § 955(e). Pl.'s Opp. 11 (citing *Brzozowski*, 165 F.

10
061818

Supp. 3d at 263). However, Hernandez has not specified in her Complaint the role, status, or title of Marquez-Pruneda, nor has she included this information in her opposition memorandum.

The Complaint explicitly states that Defendants Hartman, Kylor, and Cirilio hold management or supervisory roles. Compl. ¶¶ 22, 27-28. The reasonable inference is that the omission of such a role from Defendant Marquez-Pruneda's description indicates that he is merely a co-employee of Hernandez. *See id.* ¶ 24.

Therefore, because § 955(e) is only applicable to supervisors and the Complaint does not allege that Marquez-Pruneda holds a supervisory position, the aiding and abetting claim is dismissed without prejudice.[11]

> **D. The claim for assault and battery is dismissed because there are insufficient factual allegations to show either (1) Marquez-Pruneda took an affirmative step towards carrying out his threat, or (2) any physical contact occurred between the Hernandez and Marquez-Pruneda.**

Under Pennsylvania law, an assault "may be described as an act intended to put another person in reasonable apprehension of an immediate battery, and which succeeds in causing an apprehension of such battery." *Regan v. Upper Darby Twp.*, 363 F. Appx. 917, 921 (3d Cir. 2010) (citing *Cucinotti v. Ortmann*, 159 A.2d 216, 217 (Pa. 1960)). "[T]hreatening words alone are deemed insufficient in this jurisdiction to put a person in reasonable apprehension of physical injury or offensive touching." *Id.* Rather, the actor must, in conjunction with his or her words, "be in a position to carry out the threat immediately and . . . must take some affirmative action to do so." *Id.*

---

[11] Given that the deficiency in the pleading is a factual one that relates to the title or role of Marquez-Pruneda, this Court cannot determine whether leave to amend would be futile. Hernandez is cautioned, however, against reasserting this claim if Marquez-Pruneda if only a co-employee.

A battery occurs when there is "intentional harmful or offensive contact with the person of another." *Nace v. Pennridge Sch. Dist.*, 185 F. Supp. 3d 564, 584 (E.D. Pa. 2016) (citing *C.C.H. v. Phila Phillies, Inc.*, 940 A.2d 336, 340 n.4 (Pa. 2008)). The lack of consent to any given contact is sufficient to establish that it is offensive. *Id.* (citing *Cooper ex rel. Cooper v. Lankenau Hosp.*, 51 A.3d 183, 191 (Pa. 2012)).

Marquez-Pruneda claims that neither an assault nor a battery is sufficiently pleaded in the Complaint. Def.'s Supp. Mem. 6. He is correct. Within the Complaint, there is no allegation that Marquez-Pruneda ever came into physical contact with Hernandez. Absent any allegation that physical contact occurred at some point, the claim of battery is insufficiently plead.

Further, as stated above, words alone cannot constitute an assault. Hernandez failed to plead facts showing that Marquez-Pruneda was in a position to carry out the threat and took some affirmative step toward doing so. While the Complaint implies that Marquez-Pruneda and Hernandez were in close proximity to each other such that the threat may have been carried out immediately, *see* Compl. ¶¶ 46-48, the Complaint is void of any allegation that Marquez-Pruneda took some affirmative step towards carrying out his threat to hold Hernandez down. Given the law of this jurisdiction, the words uttered by Marquez-Pruneda alone are not enough to constitute an assault. Thus, Hernandez has failed to sufficiently plead a claim of assault.

The claim is dismissed without prejudice.[12]

## V. CONCLUSION

For the reasons stated herein, all claims against Marquez-Pruneda are dismissed. First, the PHRA discrimination claim is dismissed upon the agreement of the parties. Second, the retaliation claim under the PHRA § 955(d) is dismissed because there are insufficient factual

---

[12] This Court is unable to determine at this time whether an amendment would be futile.

allegations of retaliatory activity after Hernandez's report to Hartman.  Third, the aiding and abetting claim under the PHRA § 955(e) is dismissed because there are insufficient factual allegations showing the requisite supervisor-subordinate relationship between Hernandez and Marquez-Pruneda.  Finally, the state law claim for assault and battery is dismissed because there are insufficient factual allegations to show either that Marquez-Pruneda took an affirmative step towards carrying out his threat or had any physical contact with Hernandez.  Due to the insufficiency of the allegations, this Court is unable to determine whether an amendment would be futile and therefore grants leave to amend.  Hernandez is advised that if she decides to file an amended complaint to double check the dates of all alleged incidents and to make any necessary corrections.

      A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

13
061818