UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

SASHA HERNANDEZ, :
          Plaintiff, :
           :
         v. : No. 5:17-cv-05263
           :
EHC ASSOCIATES, INC.; :
JOHN D. HARTMAN; :
ESMERIDO OLIVA-CHACON; :
DANIEL L. KYLOR; :
JORGE L. INTRIAGO; :
ELIONEA CIRILIO, :
          Defendants. :
_____

## **O P I N I O N**
**Defendant Jorge Intriago's Motion for Judgment on the Pleadings,
or in the Alternative, Motion to Dismiss, ECF No. 26 – Granted in Part**

**Joseph F. Leeson, Jr.**                                                             **November 9, 2018**
**United States District Judge**

I.    **INTRODUCTION**

Plaintiff Sasha Hernandez initiated this action against her former employer, Defendant EHC Associates, Inc. ("EHC"), under Title VII of the Civil Rights Act, and against several individual employees of EHC under the Pennsylvania Human Resources Act ("PHRA"), 43 P.S. §§ 951-963 for discrimination, retaliation, and aiding and abetting. Defendant Jorge Intriago has filed a Motion for Judgment on the Pleadings, or in the Alternative, Motion to Dismiss. Hernandez has since agreed to withdraw her discrimination and aiding and abetting claims, leaving only the retaliation claim under the PHRA § 955(d). For the reasons set forth below, the retaliation claim is dismissed without prejudice.

## II. BACKGROUND

Hernandez alleges that she was subjected to sexual harassment by her coworkers. The Complaint alleges as follows: From June 2015 until March 17, 2016,[1] Hernandez was a female employee of ECH, as was Intriago, a male employee. Compl. ¶¶ 25, 29, ECF No. 1. They were both employed as asbestos handlers for ECH. *Id.*

On July 18, 2015, Hernandez was threatened with physical and sexual assault by another coworker. Compl. ¶ 46. Hernandez was so upset that she "had to remove herself from the situation." *Id.* ¶ 49. Approximately five minutes later, Intriago summoned Hernandez and told her, "'you won't have to shower today,' [because] 'you're going home to have sex and you're already sweating.'" *Id.* ¶¶ 46-50.

The Complaint alleges several other instances of harassing conduct by Hernandez's coworkers.[2]

Hernandez reported the harassment sometime in July 2015[3] to the President of ECH, John Hartman. *Id.* ¶¶ 58-60. A few days later, Hartman told Defendants to cease their behavior. *Id.* ¶ 62. Hernandez alleges that "Defendants" threatened she and her boyfriend in retaliation for

---

[1] In the Opinion dated June 19, 2018, which dismissed all claims against Defendant Marquez-Pruneda, this Court, drawing all reasonable inferences in the light most favorable to Hernandez, assumed that Hernandez was constructively discharged in March 2017 based on allegations in the Complaint of harassment in the summer of 2016. *See* Opn. 2 n.1, ECF No. 22; Compl. ¶¶ 33-34, 39, 68. Having now considered Hernandez's response to the instant Motion, which does not mention the date discrepancy, but again lists her constructive discharge date as March 2016, this Court will use this date.
    To the extent that Intriago's alleged harassment occurred in July 2015, and Marquez-Pruneda's allegedly occurred in July 2016, both Opinions adopted the dates most favorable to Hernandez.

[2] For example, the Complaint alleges that on July 15, 2016, another employee said, in front of Intriago, that Hernandez smelled like fish and that she had not showered that day. *See* Compl. ¶¶ 39-40. As mentioned in footnote 2 *supra*, it appears that this incident occurred in 2015.

[3] Hernandez does not specify the year she made the report. But, reading the facts in the light most favorable to Hernandez, this Court assumes the harassment was reported in July 2015.

reporting the harassment. *Id.* ¶ 63. Hernandez requested a transfer to another project away from Defendants, but was regularly scheduled to work with the same employees following the report. *Id.* ¶¶ 64-65.

Hernandez filed the instant action on November 22, 2017, alleging the following claims against the individually named Defendants: (1) Unlawful Discrimination under the PHRA § 955(a); (2) Retaliation under the PHRA § 955(d); and (3) Aiding and Abetting under the PHRA § 955(e).[4] These claims represent Hernandez's third, fourth, and fifth causes of action.

On July 30, 2018, Intriago filed a Motion for Judgment on the Pleadings, or in the Alternative, Motion to Dismiss, seeking dismissal of all claims against him for failure to state a claim. *See* Mot. and Brief, ECF No. 26. In response, Hernandez has agreed to withdraw her third and fifth causes of action, leaving only the retaliation claim under the PHRA § 955(d) in the fourth count. *See* Resp. 2, n.1, ECF No. 28.

### III. STANDARD OF REVIEW

"A motion for judgment on the pleadings based on a theory that the plaintiff failed to state a claim is reviewed under the same standards that apply to a motion to dismiss under Rule 12(b)(6)." *Szczurek v. Prof'l Mgmt.*, 627 F. App'x 57, 60 (3d Cir. 2015) (citing *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)). "'The only notable difference between these two standards is that the court in a motion for judgment on the pleadings reviews not only the complaint but also the answer and written instruments attached to the pleadings.'" *DeJesus v. Wehrman*, No. 5:16-cv-04745, 2017 U.S. Dist. LEXIS 160233, at *10 (E.D. Pa. Sep. 27, 2017)

---

[4] Hernandez also filed an assault and battery claim against Defendant Marquez-Pruneda, and claims against EHC pursuant to Title VII .
On June 19, 2018, this Court dismissed all claims against Defendant Marquez-Pruneda. *See* ECF Nos. 22-23. Although Hernandez was granted leave to file an amended complaint, no such amendment was filed.

(quoting *Foreman v. Lowe*, No. 3:CV-06-0580, 2007 U.S. Dist. LEXIS 96962, at *4 (M.D. Pa. Mar. 30, 2007)).

In rendering a decision on a motion to dismiss or for judgment on the pleadings, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

IV. ANALYSIS

Intriago asserts, first, that the PHRA claims should be dismissed because he did not hold a supervisory position over Hernandez, and that a § 955(d) claim is only proper against the employer. However, while the discrimination provision of § 955(a) states that it only covers "employers," the retaliation provision of § 955(d) explicitly states that it is unlawful "for *any*

*person*" to engage in the conduct mentioned thereafter. *Compare* 43 P.S. § 955(a), *with* 43 P.S. § 955(d) (emphasis added).[5] Accordingly, this argument does not warrant dismissal of the PHRA retaliation claim.

Next, Intriago contends that the Complaint makes only one allegation of harassment specific to Intriago, which he argues is not sufficient to constitute severe or pervasive treatment. However, severe and pervasive conduct is only a requirement of a discrimination claim, not a retaliation claim. *See Jones v. SEPTA*, 796 F.3d 323, 327-30 (3d Cir. 2015) (explaining that discrimination and sexual harassment claims require evidence that the harassment was severe and pervasive, but including no such element as part of a retaliation claim under the PHRA). Hernandez's failure to allege conduct that is severe and pervasive is therefore not fatal to her retaliation claim.

Because Intriago asserts that the Complaint fails to state a claim under § 955(d), this Court also considers whether the allegations are sufficient to show each of the required elements of a retaliation claim. In order to establish a prima facie case of retaliation under the PHRA,[6] a plaintiff must show "(1) that she engaged in an activity protected by [the PHRA]; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006) (quoting *Nelson v. Upsala Coll.*, 51 F.3d

---

[5] Section 955(d) of the PHRA addresses retaliation against an employee by reason of his or her engagement in a protected activity. 43 P.S. § 955(d). This section states, in relevant part, that it is unlawful "[f]or any person . . . to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act." *Id.*

[6] *See Boykins v. SEPTA*, No. 17-1980, 2018 WL 460652, at *2, *6 (3d Cir. 2018) (analyzing claims under Title VII and the PHRA the same).

5
110818

383, 386 (3d Cir. 1995)). Pursuant to the first element, a report to a superior may constitute protected activity where discrimination is specifically alleged in the verbal or written report. *LeBlanc v. Hill Sch.*, No. 14-1675, 2015 WL 144135, at *14 (E.D. Pa. Jan. 12, 2015) (citing *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995)). As to the second element, a plaintiff must show that "a reasonable employee would have found the alleged retaliatory actions 'materially adverse' in that they 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Moore*, 461 F.3d at 341 (citing *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006) (holding that the scope of the anti-retaliation provision "extends beyond workplace-related or employment-related retaliatory acts and harm")). Finally, in determining causation in the third element, courts often look to the "temporal proximity between the protected activity and the alleged discrimination" and "the existence of a pattern of antagonism in the intervening period." *Jensen v. Potter*, 435 F.3d 444, 450 (3d Cir. 2006) (citing *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 288 (3d Cir. 2001)) (internal quotation marks omitted), *overruled on other grounds by Burlington Northern*, 548 U.S. 53. Because there is no single, definite way of showing causation, the court must look at the evidence "as a whole" to determine if retaliation has been sufficiently pled. *Id.* (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280-81 (3d Cir. 2000)).

Hernandez's protected activity took place when she first reported the harassment to Hartman, EHC's President, in July 2015.[7] Compl. ¶¶ 59-60. It is not clear, however, whether this report was made before or after July 18, 2015, when Intriago's comment was allegedly

---

[7] The Complaint also alleges that Hernandez "addressed her harassers directly, telling them that they needed to stop speaking to her in a sexual and vulgar nature." Compl. ¶ 37. However, it is not clear which "harassers" she addressed directly, when she addressed them, whether Intriago had knowledge of the same, or whether this can be considered protected activity.

made. If Intriago's comment was made before the report to Hartman, it could not have been in retaliation for the report. Further, even if made before, there are no allegations that Intriago was aware of Hernandez's report to Hartman until at least three days later when Hartman instructed "the other Defendants" to stop their behavior. *See id.* ¶ 62.

Although the Complaint alleges that other coworkers made harassing comments in front of Intriago, there are no other specific allegations in the Complaint regarding Intriago.[8] Similarly, while the Complaint alleges that "Defendants threatened Plaintiff and her boyfriend in retaliation[9] for reporting the harassment," Compl. ¶ 63, it makes no mention of any facts surrounding these subsequent threats. The Complaint also fails to specify which of the six named Defendants allegedly made such threats following the report.

Consequently, the retaliation claim, as well as the remaining claims against Intriago that Hernandez has agreed to withdraw, are dismissed. Because there are unresolved factual questions, the Motion to Dismiss is granted and the Motion for Judgment on the Pleadings is denied. Hernandez is granted leave to file an amended complaint to attempt to cure the deficiencies in the retaliation claim.[10] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111

---

[8]  While Hernandez alleges in her brief opposing the instant Motion that Intriago "encouraged the harassment" by becoming complacent and laughing along, Intriago was not Hernandez's supervisor and his alleged encouragement is not sufficient to make him liable for retaliation. *Accord Woodson v. Scott Paper Co.*, 109 F.3d 913, 922-23 (3d Cir. 1997) (holding that if an *employer* condones harassing behavior, the employer may be liable for retaliation); *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1265 (10th Cir. 1998) (holding that "an *employer* can only be liable for co-workers' retaliatory harassment where *its supervisory or management personnel* [knew] about the harassment and acquiesce[d] in it in such a manner as to condone and encourage the co-workers' actions" (emphasis added)).

[9]  This allegation is a legal conclusion that does not warrant construction in a light most favorable to Hernandez.

[10]  Notably, many of the insufficiencies addressed herein were also discussed in this Court's Opinion dated June 19, 2018. At that time, Hernandez was given leave to file an amended complaint as to Marquez-Pruneda, but chose not to. Hernandez's brief in opposition to the instant Motion was filed almost two months later. However, despite having the benefit of this

(3d Cir. 2002) (holding that in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility, a court should grant a plaintiff leave to amend a deficient complaint). *Accord Garza v. Citigroup Inc.*, 724 F. App'x 95, 100-01 (3d Cir. 2018) (holding that the district court did not abuse its discretion when it refused to grant leave to amend before judgment because, *inter alia*, the plaintiff never proffered a proposed amended complaint, nor did it describe with any detail the substance of such a pleading).

## V. CONCLUSION

For the reasons stated herein, all claims against Intriago are dismissed. The PHRA discrimination claim under § 955(a) and the aiding and abetting claim under the PHRA § 955(e) are dismissed upon the agreement of the parties. The retaliation claim under the PHRA § 955(d) is dismissed because there are insufficient factual allegations of retaliatory activity after Hernandez's protected activity. Due to the insufficiency of the allegations, this Court is unable to determine whether an amendment would be futile and therefore grants leave to amend. Hernandez is, once again, advised that if she decides to file an amended complaint to double check the dates of all alleged incidents and to make any necessary corrections.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

Court's previous Opinion, Hernandez failed to address several of the issues previously highlighted by this Court. *See, e.g.* Resp. 2 ("incorporate[ing] by reference all of the facts contained in her Complaint"). The time to amend will therefore be short.